**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE: VACANT REAL PROPERTY<br>558 Sutherland Pond Road, Sabattus, ME 04280 |
| **Joseph M. Scanlon**<br><br>**Defendant** | Mortgage:<br>May 23, 2017<br>Book 9602, Page 104 |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Joseph M. Scanlon, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Joseph M. Scanlon, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, plus attorney fees

and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a national association with its principal place of business located at 3900 Wisconsin Avenue, N.W., Washington, D.C. 20016-2892.

5. The Defendant, Joseph M. Scanlon, is a resident of Dickinson, County of Stark and State of North Dakota.

## FACTS

6. On May 22, 2017, by virtue of a Warranty Deed from Tracy A. Ames and Jeremy W. Ames, which is recorded in the Androscoggin County Registry of Deeds in **Book 9602, Page 102**, the property situated at 558 Sutherland Pond Road, Sabattus, County of Androscoggin, and State of Maine, was conveyed to Joseph M. Scanlon, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On May 23, 2017, Defendant, Joseph M. Scanlon, executed and delivered to CrossCountry Mortgage, Inc. a certain Note under seal in the amount of $146,250.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on May 23, 2017, Defendant, Joseph M. Scanlon executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for CrossCountry Mortgage, Inc., securing the property located at 558 Sutherland Pond Road, Sabattus, ME 04280, which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 9602**, **Page 104**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage, dated November 15, 2018, and recorded in the Androscoggin County Registry of Deeds in **Book 9979**, **Page 342**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment, dated January 17, 2019, and recorded in the Androscoggin County Registry of Deeds in **Book 10024**, **Page 62**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. On September 14, 2020, the Defendant, Joseph M. Scanlon, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendant, Joseph M. Scanlon, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

13. The Defendant, Joseph M. Scanlon, failed to cure the default prior to the expiration of the Demand Letter.

14. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

16. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or the Note and Mortgage were strictly performed.

17. The total debt owed under the Note and Mortgage as of December 23, 2020 if no payments are received, is One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $143,574.24 |
| Interest | $15,113.99 |
| Late Fees | $251.79 |
| Escrow Advance | $15,538.46 |
| Lender Paid Expenses | $3,928.00 |
| PMI Premium | $78.00 |
| Grand Total | $178,484.48 |

18. Upon information and belief, the Defendant, Joseph M. Scanlon, is presently <u>not</u> in possession of the subject property originally secured by the Mortgage.

19. Upon information and belief, and based upon information provided by the client, the subject real property is vacant.

## COUNT I – FORECLOSURE AND SALE

20. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 558 Sutherland Pond Road, Sabattus, County of Androscoggin, and State of Maine.  *See* Exhibit A.

22. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

23. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Joseph M. Scanlon, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2018, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of December 23, 2020 if no payments are made, is One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $143,574.24 |
| Interest | $15,113.99 |
| Late Fees | $251.79 |
| Escrow Advance | $15,538.46 |
| Lender Paid Expenses | $3,928.00 |
| PMI Premium | $78.00 |
| Grand Total | $178,484.48 |

26. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant, Joseph M. Scanlon's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 and/or the Note and Mortgage was sent to the Defendant, Joseph M. Scanlon, on September 14, 2020, evidenced by the Certificate of Mailing. *See* Exhibit F.

29. The Defendant, Joseph M. Scanlon, is not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On May 23, 2017, the Defendant, Joseph M. Scanlon, executed under seal and delivered to CrossCountry Mortgage, Inc. a certain Note in the amount of $146,250.00. *See* Exhibit B.

32. The Defendant, Joseph M. Scanlon, is in default for failure to properly tender the August 1, 2018 payment and all subsequent payments. *See* Exhibit F.

33. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Joseph M. Scanlon.

34. The Defendant, Joseph M. Scanlon, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

35. The Defendant Joseph M. Scanlon's breach is knowing, willful, and continuing.

36. The Defendant Joseph M. Scanlon's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of December 23, 2020, if no payments are made, is One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $143,574.24 |
| Interest | $15,113.99 |
| Late Fees | $251.79 |
| Escrow Advance | $15,538.46 |
| Lender Paid Expenses | $3,928.00 |
| PMI Premium | $78.00 |
| Grand Total | $178,484.48 |

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendant, Joseph M. Scanlon, entered into a written contract with CrossCountry Mortgage, Inc. who agreed to loan the amount of $146,250.00 to the Defendant. *See* Exhibit B.

41. As part of this contract and transaction, the Defendant, Joseph M. Scanlon, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to CrossCountry Mortgage, Inc., and has performed its obligations under the Note and Mortgage.

43. The Defendant, Joseph M. Scanlon, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2018 payment and all subsequent payments. *See* Exhibit F.

44. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Joseph M. Scanlon.

45. The Defendant, Joseph M. Scanlon, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

46. The Defendant, Joseph M. Scanlon, is indebted to Federal National Mortgage Association in the sum of One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

47. Defendant Joseph M. Scanlon's breach is knowing, willful, and continuing.

48. Defendant Joseph M. Scanlon's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of December 23, 2020, if no payments are made, is One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $143,574.24 |
| Interest | $15,113.99 |
| Late Fees | $251.79 |
| Escrow Advance | $15,538.46 |
| Lender Paid Expenses | $3,928.00 |
| PMI Premium | $78.00 |
| Grand Total | $178,484.48 |

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – *QUANTUM MERUIT*

51. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. CrossCountry Mortgage, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Joseph M. Scanlon, $146,250.00.  *See* Exhibit B.

53. The Defendant, Joseph M. Scanlon, is in default for failure to properly tender the August 1, 2018 payment and all subsequent payments.  *See* Exhibit F.

54. As a result of the Defendant Joseph M. Scanlon's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal National Mortgage Association.

55. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. CrossCountry Mortgage, Inc., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Joseph M. Scanlon, $146,250.00. *See* Exhibit B.

58. The Defendant, Joseph M. Scanlon, has failed to repay the loan obligation.

59. As a result, the Defendant, Joseph M. Scanlon, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to CrossCountry Mortgage, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Joseph M. Scanlon, is in breach of the Note by failing to make payment due as of August 1, 2018, and all subsequent payments;

d) Find that the Defendant, Joseph M. Scanlon, is in breach of the Mortgage by failing to make payment due as of August 1, 2018, and all subsequent payments;

e) Find that the Defendant, Joseph M. Scanlon, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Joseph M. Scanlon, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Joseph M. Scanlon has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendant, Joseph M. Scanlon, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendant, Joseph M. Scanlon, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Joseph M. Scanlon, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Joseph M. Scanlon, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Joseph M. Scanlon;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Joseph M. Scanlon, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Seventy-Eight Thousand Four Hundred Eighty-Four and 48/100 ($178,484.48) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: December 3, 2020

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com